```
KAREN P. HEWITT
United States Attorney
CALEB E. MASON
Assistant United States Attorney
California Bar No. 246653
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-5956
Email: caleb.mason@usdoj.gov

Attorneys for Plaintiff
United States of America
```

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  v.<br><br>MICHAEL DOUGLAS MOORE,<br><br>     Defendant. | Criminal Case No. 08-2385-DMS<br>Date: August 22, 2008<br>Time: 11 a.m.<br><br>The Honorable Dana M. Sabraw<br><br>**UNITED STATES' NOTICE OF MOTIONS AND MOTIONS FOR:**<br><br>**(1) RECIPROCAL DISCOVERY**<br>**(2) LEAVE TO FILE FURTHER MOTIONS** |

  PLEASE TAKE NOTICE that on August 22, at 11 a.m., or as soon thereafter as counsel may be heard, plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Caleb E. Mason, Assistant United States Attorney, will move the Court to enter an order granting the following motions.

**MOTIONS**

  The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Caleb E.

Mason, Assistant United States Attorney, hereby moves this Court for an order granting the following motions for:

1. Reciprocal Discovery; and
2. Leave to File Further Motions.

The motions noted above are based on the files and records of this case, together with the following statement of facts and memorandum of points and authorities.

**I**

**STATEMENT OF THE CASE**

On May 15, 2008, defendant Michael Douglas Moore ("Defendant") executed a waiver of indictment, and was charged by Information with one count of importation of marijuana in violation of 21 U.S.C. sections 952 and 960. On July 17, 2008, a federal grand jury in the Southern District of California returned a two-count Indictment charging Defendant with: (i) importing approximately 51.03 kilograms (112.26 pounds) of marijuana into the United States in violation of 21 U.S.C. sections 952 and 960; and (ii) possessing approximately 51.03 kilograms (112.26 pounds) of marijuana with intent to distribute in violation of 21 U.S.C. Section 841(a)(1). Defendant was arraigned on the indictment on July 21, 2008.

**II**

**STATEMENT OF FACTS**

**A.    DEFENDANT'S APPREHENSION**

**1.    Primary Inspection**

On April 18, 2008, at approximately 3 p.m., Defendant entered the United States at the Andrade Port of Entry as the driver and sole

occupant of a 1995 bronze-colored Nissan Pathfinder bearing California licence plates. During primary inspection, Customs and Border Protection Officer (CBPO) James Williams noticed that Defendant was very talkative and appeared nervous. Defendant made a negative declaration. He stated that he did not want to go to Mexico and "just wanted to leave the area." Officer Williams referred Defendant and the vehicle to secondary.

### 2. Secondary Inspection

In the secondary lot, Officer Michael Medley screened the vehicle with his narcotics detector dog, "Blackjack." The dog alerted to the rear of the vehicle. Upon closer inspection, officers discovered a total of 24 packages concealed inside all four tires of the vehicle. One of the packages was probed and a sample of a green leafy substance was obtained which field tested positive for marijuana. The 24 packages had a combined weight of approximately 51.03 kilograms (112.26 pounds).

### B. DEFENDANT'S STATEMENT

Defendant was advised of his Miranda rights and waived them. He made a statement which was witnessed by Special Agents Enrique Torregrosa and Lance Swanson of Immigration and Customs Enforcement (ICE). The statement was not recorded because recording devices were temporarily unavailable at the Andrade POE due to ongoing remodeling and construction.

Defendant stated that he lived in Downey, California, and that a recent back injury prevented him from working. His next-door neighbor, one Jorge, told him about an opportunity to make $3000 driving a load of marijuana from Andrade to Downey. He accompanied Jorge to Mexicali in Jorge's vehicle, where he was introduced to one "Cooper" or "Cuba," who was the supplier of the marijuana.

Defendant agreed to cross the vehicle for $3000. His instructions were to drive to Downey and then call Jorge, who would pay him. Jorge crossed directly ahead of Defendant at the POE. Defendant knew the contraband was in the tires because the vehicle handled poorly when he drove it.

After Defendant's interview was completed, the ICE agents obtained a portable recording device. While Defendant was being transported from the POE to the Imperial County Jail, he made a series of statements that were recorded by ICE Special Agent Lance Swanson. Agent Swanson re-Mirandized Defendant before asking him any questions. Defendant reiterated that he understood his rights and wanted to cooperate. In the statement, he reiterated that he had come Mexicali, with his neighbor Jorge, to make $3000 driving a load of marijuana to Downey, CA. He reiterated that he knew there was marijuana in the vehicle both because he had agreed to drive a load of marijuana and because the vehicle was very difficult to drive due to the contraband in the tires.

### III

### MEMORANDUM OF POINTS AND AUTHORITIES

**A.  MOTION FOR RECIPROCAL DISCOVERY**

The United States hereby requests Defendant deliver all material to which the United States may be entitled under Fed. R. Crim. P. 16(b) and 26.2.

**1.  Defendant's Disclosures Under Fed R. Crim. P. 16(b)**

The United States has voluntarily complied and will continue to comply with the requirements of Fed. R. Crim. P. 16(a). As of the date of this Motion, the United States has produced 109 pages of discovery and one DVD. As of the date of this Motion, the United States has not received any reciprocal discovery from

Defendant.  Therefore, the United States invokes Fed. R. Crim. P. 16(b), requiring that reciprocal discovery be provided to the United States.

The United States hereby requests Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in her case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which she intends to introduce as evidence-in-chief at the trial, or which was prepared by a witness whom Defendant intends to call as a witness.  Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Fed. R. Crim. P. 16(b)(1).  The United States also requests that the Court make such order as it deems necessary under Fed. R. Crim. P. 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

**2.   Witness Statements Under Fed. R. Crim. P. 26.2**

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except a statement made by Defendant. Fed. R. Crim. P. 26.2 requires reciprocal production of statements, in accordance with the Jencks Act.

The timeframe established by Fed. R. Crim. P. 26.2 requires the statement to be provided after the witness has testified.  In

order to expedite trial proceedings, the United States hereby requests Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

### C.  MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

## IV

## CONCLUSION

For the foregoing reasons, the United States requests the Court grant the United States' Motions for Fingerprint Exemplars, Reciprocal Discovery and Leave to File Further Motions.

DATED: August 13, 2008

KAREN P. HEWITT
United States Attorney


/S/ Caleb E. Mason
CALEB E. MASON
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: caleb.mason@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No.  08-2385DMS |
|  Plaintiff, ) | |
| ) | **CERTIFICATE OF SERVICE** |
|  v. ) | |
| ) | |
| MICHAEL DOUGLAS MOORE, ) | |
| ) | |
|  Defendant. ) | |

IT IS HEREBY CERTIFIED THAT:

 I, CALEB E. MASON, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

 I am not a party to the above-entitled action.  I have caused service of:

 **UNITED STATES' NOTICE OF MOTIONS AND MOTIONS FOR:**

 **(1) RECIPROCAL DISCOVERY; AND**
 **(2) LEAVE TO GRANT FURTHER MOTIONS**

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

 **John Ellis, Esq.**
 **Federal Defenders of San Diego, Inc.**
 **Attorney for Defendant**

 I declare under penalty of perjury that the foregoing is true and correct. Executed on August 13, 2008.

                              s/ Caleb E. Mason
                              CALEB E. MASON